UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jean-Paul Gadbois, | Case No. 24-cv-1662 (JMB/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Arrow International Inc., | |
| Defendant. | |

This matter is before the Court on Defendant Arrow International Inc.'s Motion to Compel (Dkt. No. 38). The Court held a hearing on the motion on October 15, 2025. As set forth fully below, the motion is granted in part and denied in part.

**I.   Background**

Plaintiff Jean-Paul Gadbois worked as a Field Service Engineer for Defendant Arrow International Inc. ("Arrow"). (Am. Compl. ¶ 5, Dkt. No. 5.) He began working on April 3, 2023. (*Id.* ¶ 9.) He was 57 years old. (*Id.* ¶ 13.) On June 5, 2023, Mr. Gadbois emailed a coworker about some employment concerns, and Arrow processed the email as his resignation. (*Id.* ¶ 24.) Mr. Gadbois denies that he resigned and contends his employment was terminated by Arrow. (*Id.* ¶¶ 25–26.) Arrow maintains that he resigned. In any event, Mr. Gadbois's employment ceased on June 5, 2023. (*Id.* ¶ 26.) In this lawsuit, Mr. Gadbois brings claims for age discrimination under the Minnesota Human Rights Act and the Age Discrimination in Employment Act. Mr. Gadbois is asking for "$50,000+ as

and for compensation for emotional distress due to unlawful termination," among other damages. (*Id.* Demand for Relief ¶ 1.)

The case is now in the discovery phase. Arrow served written discovery requests on Mr. Gadbois on August 14, 2025, and Mr. Gadbois responded on September 15, 2025. The parties met and conferred over several discovery disputes and resolved some, but not all of them. Arrow thus brought the instant motion, seeking to compel production of certain employment records, medical records, and tax information, or, alternatively, signed authorizations permitting the release of those records. Arrow also asks the Court to compel Mr. Gadbois to respond further to four requests for admission.

## II.     Legal Framework

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). In determining proportionality, courts may consider several factors, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

If a party believes that the opposing party has failed to respond to discovery requests or provided deficient responses, it "may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The moving party must make a threshold showing of relevance. *Sherman v. Sheffield Fin., LLC*, 338 F.R.D. 247, 252 (D. Minn. 2021). Once

relevance is shown, then the burden shifts to the opposing party to show that the discovery is not relevant or would be unduly burdensome to produce. *Patterson Dental Supply, Inc. v. Pace*, No. 19-CV-1940 (JNE/LIB), 2020 WL 10223625, at *20 (D. Minn. June 17, 2020).

**III.   Discussion**

    **A.   Employment Records Dating Back to January 1, 2020**

        **1.   Discovery Requests at Issue**

In Interrogatory No. 17, Arrow asked Mr. Gadbois to provide information on all jobs he has applied for since leaving Arrow. Mr. Gadbois conducted his job search primarily through Indeed, and he agreed to attempt to obtain the records from Indeed. However, according to Mr. Gadbois, he was not able to recover records of applications more than six months old. Since Mr. Gadbois obtained new employment on July 31, 2023, none of the applications preceding the date he got a new job are available.

In Request No. 8, Arrow asked for all records of any oral or written complaints by other employers about Mr. Gadbois's work performance. Mr. Gadbois objected on grounds of overbreadth and relevance. Mr. Gadbois argues that the information is not relevant to his claim of age discrimination, which occurred during his two months of employment with Arrow. Mr. Gadbois points out that Arrow does not claim to have disciplined him or terminated his employment; rather, Arrow contends that Mr. Gadbois resigned. Thus, Mr. Gadbois asserts, complaints about his work are irrelevant.

In Request No. 11, Arrow asked for employment records from past, present, and prospective employers. Arrow argues that the records are relevant to liability, mitigation

3

of damages, whether Mr. Gadbois made similar accusations of discrimination or unlawful termination, and what Mr. Gadbois told prospective employers about his termination from Arrow. Mr. Gadbois objected on the grounds of overbreadth and relevance but agreed he would attempt to search for some responsive information. Mr. Gadbois has agreed to provide paystubs and documents reflecting work earnings, such as W-2 forms and wage statements, from his current employer. Mr. Gadbois has also agreed to provide his personnel file from his current employer.

### 2. Discussion of Employment Records

Mr. Gadbois' job search records and applications submitted through Indeed are relevant and proportional to the issues in this case. Mr. Gadbois agrees that Arrow is entitled to the job search records, but Mr. Gadbois has not been able to recover them from Indeed. Arrow has offered to relieve Mr. Gadbois of this duty by asking for a signed authorization for the records. The Court will order Mr. Gadbois to provide one within 14 days.

Mr. Gadbois has agreed to provide paystubs, W-2 forms, wage statements, and his entire personnel file from his current employer. Mr. Gadbois apparently has had only one employer since leaving Arrow, and Arrow has not shown there are any other records with post-termination employers. The Court finds that Mr. Gadbois's anticipated production from his current employer, along with the signed authorization for Indeed, will suffice for present and prospective employment records.

With respect to employment records predating Mr. Gadbois's employment at Arrow, the Court finds that Arrow has not established the relevance of those records. Arrow

4

has not shown that the records would be relevant to Plaintiff's mitigation efforts after he left Arrow, nor would the records shed any light on the question of whether he was terminated or resigned from Arrow. Nor has Arrow shown the relevance of complaints of discrimination or retaliation Mr. Gadbois might have made against other employers before he worked at Arrow.

Documents reflecting a prior employer's complaints about Mr. Gadbois's work (if any) are not relevant, because Arrow is not claiming that it disciplined Mr. Gadbois or terminated his employment. In *Martin v. ReliaStar Life Ins. Co.*, No. 09-1578 (MJD/AJB), 2011 WL 13318490, at *1 (D. Minn. Oct. 26, 2011), the plaintiffs alleged that defendants discriminated against them in making promotions and setting compensation. The court found that prior and subsequent employment records were relevant to issues of compensation and promotion because the records could show whether the plaintiffs had performance issues at any other jobs. *Id. Martin* is distinguishable from the present case because Mr. Gadbois's job performance is not at issue.

The Court orders Mr. Gadbois to provide to Arrow within 14 days a signed authorization for his job search record through Indeed. Mr. Gadbois shall also produce within 14 days his paystubs, W-2 forms, wage statements, and entire personnel file from his current employer to Arrow.

B. **Tax Records**

Arrow's Request No. 14 asked for tax returns for the last three years or, in the alternative, signed authorizations permitting Arrow to obtain Mr. Gadbois's tax return information. Arrow argues that tax records are relevant to the mitigation of damages. In his

response to the request, Mr. Gadbois agreed to produce W-2s and 1099s for the past three years. Arrow persists in its request for Mr. Gadbois's full tax returns, however.

The Court finds that Mr. Gadbois's tax returns for the last three years are relevant and proportional to the issues in this litigation, specifically the mitigation of damages. *See Peterson v. Seagate U.S. LLC*, No. 07-CV-2502(MJD/AJB), 2009 WL 3430150, at *6 (D. Minn. Oct. 19, 2009) (finding tax returns relevant to the mitigation of damages in an employment case). Arrow is entitled to discovery showing "*all* of Plaintiff's income since the termination of [his] employment with Defendant, including income Plaintiff received from [his] subsequent employers and unemployment benefits, as well as[] any other income sources." *Henne v. Great River Reg'l Libr.*, No. 19-CV-2758 (WMW/LIB), 2021 WL 6804560, at *16 (D. Minn. Jan. 4, 2021) (emphasis in original). Mr. Gadbois has not shown that *all* of "the information in the returns is readily obtainable from another source." *E.E.O.C. v. Ceridian Corp.*, 610 F. Supp. 2d 995, 997 (D. Minn. 2008); *see Peterson*, 2009 WL 3430150, at *7. Accordingly, within 14 days, Mr. Gadbois shall produce complete state and federal tax returns, along with all schedules and attachments, or signed authorizations for the tax returns, for the last three years.

### C. Signed Medical Authorizations

#### 1. The Specific Discovery Requests at Issue

In Interrogatory No. 15, Arrow asked Mr. Gadbois to describe all treatment he has received for medical, psychiatric, and psychological conditions that he has suffered or is currently suffering, including when treatment began, the name of the provider, and the prognosis for each condition. Mr. Gadbois objected on the ground of medical privilege and

6

asserted that he has not placed any medical or psychological condition at issue. Mr. Gadbois also told Arrow that he has no prior diagnosed mental condition.

In Request No. 5, Arrow asked for all medical records, including invoices or bills, relating to medical treatment from January 2015 to the present. Arrow has since narrowed the timeframe to January 1, 2020, to the present. Mr. Gadbois objected on the ground of medical privilege and overbreadth.

In Request No. 19, Arrow asked Mr. Gadbois to sign authorizations for records from medical experts and health care providers who have treated him since January 1, 2015. Mr. Gadbois objected on the grounds of privacy, medical privilege, relevance, and overbreadth. Mr. Gadbois also responded that he has not sought counseling or medical treatment for emotional distress, but that he has spoken to his wife about his worry and emotional distress.

### 2. Discussion of Medical Records

Arrow argues that Mr. Gadbois's medical records are relevant to the cause, nature, and extent of his damages, including other stressors that may have caused his alleged emotional distress or a preexisting medical condition that could have caused worry or emotional distress. Mr. Gadbois responds that he did not place his medical condition at issue by simply asking for "garden variety" emotional distress damages.

"Under Federal law, the discoverability of medical records is governed by the relevancy standard of Rule 26 of the Federal Rules of Civil Procedure not the 'in controversy' standard required for an independent medical examination under Rule 35 . . . ." *Kutz v. NGI Cap., Inc.*, No. 22-CV-1623 (NEB/ECW), 2023 WL 3790766, at *18

CASE 0:24-cv-01662-JMB-JFD   Doc. 51   Filed 11/14/25   Page 8 of 11

(D. Minn. June 2, 2023). "Additionally, the Minnesota Supreme Court has held that a defendant has the right to present evidence that calls into question a claim of emotional damages under a Minnesota statutory cause of action, such as the MHRA." *Id.* (citing *Navarre v. S. Washington Cnty. Sch.*, 652 N.W.2d 9 (Minn. 2002)). Even though a plaintiff does not intend to use medical records or expert testimony at trial to prove emotional distress, his medical records may be relevant and discoverable if he has placed his "emotional condition at issue by claiming more than nominal emotional distress damages." *Doverspike v. Chang O'Hara's Bistro, Inc.*, No. 03-CV-5601 (ADM/AJB), 2004 WL 5852443, at *2 (D. Minn. July 13, 2004).

In his amended complaint, Mr. Gadbois is seeking more than $50,000 in damages for emotional distress caused by his termination. That amount is pleaded separately from his requests for back pay, front pay, and employment benefits, and $50,000 is not a nominal amount. Even though Mr. Gadbois is not planning to prove emotional distress damages through medical records or expert testimony, he has put his medical condition at issue and opened the door to discovery of his medical records. Arrow has a right to determine whether Mr. Gadbois has a "medical history that indicates [his] emotional distress was caused in part by events and circumstances independent of [Defendant's] conduct." *See Doverspike*, 2004 WL 5852443, at *2. If the medical records contain no evidence of emotional distress or worry, that is also relevant. Accordingly, within 14 days, Mr. Gadbois must provide to Arrow signed medical authorizations for all medical providers between January 1, 2020, and the present.

### D. Requests for Admission Nos. 1, 2, 5, and 6

Arrow seeks to compel Mr. Gadbois to provide a further response to four requests for admission ("RFA"). RFA 1 asked Mr. Gadbois to admit that he made this statement in a memorandum of law filed in response to Arrow's motion to dismiss: "Plaintiff signed an agreement with Arrow International Inc., requiring any employment-related claims to be filed within six months after the date of any adverse employment action." RFA 2 asked Mr. Gadbois to admit making this statement in the memorandum: "It is undisputed that Plaintiff did not commence this action on or before December 5, 2023, or within six months following the end of Plaintiff's employment." Mr. Gadbois objected to the RFAs as "improper and outside the scope" of Rule 36.

Under Federal Rule of Civil Procedure 36, a party may ask the other party to admit "the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "The grounds for objecting to a request must be stated." Fed. R. Civ. P. 36(a)(5). Rule 36(a)(6) governs motions regarding the sufficiency of an answer or objection.

> The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

Fed. R. Civ. P. 36(a)(6).

The Court finds Mr. Gadbois's objections to RFAs 1 and 2 justified and will not order him to serve an amended answer. The RFAs relate to statements that Mr. Gadbois made in a legal memorandum filed in response to Arrow's motion to dismiss. The motion has already been litigated and decided, and the RFAs are an attempt to relitigate that motion.

RFA 5 asks Mr. Gadbois to admit that Arrow is entitled to a judgment of dismissal, and RFA 6 asks Mr. Gadbois to admit that Arrow is entitled to its attorney's fees and costs for its counterclaim and for having to defend against Mr. Gadbois's claims. Mr. Gadbois made the same objections to these RFAs. The Court finds those objections justified and will not order him to supplement his answers. These RFAs are an end-run around the district court's order denying Arrow's motion to dismiss.

### E. Documents Showing All Independent Sources of Income from January 1, 2020, to the Present

In Request No. 4, Arrow asked Mr. Gadbois to produce documents showing all independent sources of income, including insurance, disability payments, inheritances, judgments, and awards. Mr. Gadbois represented in his response that he was not receiving social security or disability benefits.

Arrow now seeks to compel evidence of independent sources of income from January 1, 2020, to the present. Arrow argues that other sources of income are relevant to Mr. Gadbois's mitigation efforts because they could shed light on Mr. Gadbois's incentive, or lack thereof, to obtain comparable employment. Arrow notes that Mr. Gadbois took a significant pay cut with his current job, and Arrow argues that it should not be liable to pay

the difference if Mr. Gadbois willingly chose a significantly lower rate of pay because he had income from other sources. The Court agrees and finds that evidence of other income is relevant and proportional to Mr. Gadbois's mitigation efforts. Mr. Gadbois must produce to Arrow within 14 days documents showing any independent sources of income he received between January 1, 2020, and the present.

Accordingly, based on all of the files, records, and proceedings here, **IT IS HEREBY ORDERED** that Defendant Arrow International Inc.'s Motion to Compel (Dkt. No. 38) is **GRANTED IN PART** and **DENIED IN PART** as set forth fully above.

Dated: November 14, 2025                *s/ John F. Docherty*
                                                                            JOHN F. DOCHERTY
                                                                            United States Magistrate Judge